# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOVE, BEAL & NIXON, P.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-104-M ) |
| BEST BUY CO., INC., and ADP, LLC, | ) ) |
| Defendants. | ) |

## ORDER

This case is scheduled for trial on the Court's May 2017 trial docket.

Before the Court are plaintiff's Motion for Summary Judgment and defendants' Motion for Summary Judgment, both filed January 3, 2017. These motions have been fully briefed. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff Love, Beal & Nixon, P.C. ("LBN") is a law firm that offers debt collection services. Defendant Best Buy Co., Inc. ("Best Buy") is a consumer electronics company that operates retail stores in Tulsa, Oklahoma. Defendant ADP, LLC ("ADP") is a business services company which performs wage garnishment processing services for Best Buy.

On behalf of its clients, LBN obtained judgments in Wagoner County, Oklahoma, District Court, for cases filed in 2008 and 2011, against Melissa D. Estes of Coweta, Oklahoma, whose social security number ends in 8735 ("Judgment Debtor"). On August 29, 2013, Rebecca Miramontes ("Miramontes"), an LBN account manager, researched and found a "Melissa Estes" employed by Best Buy in Tulsa, Oklahoma and a "Melissa Estes" employed as a teacher in Edmond, Oklahoma. No middle name or initial was provided for either "Melissa Estes." Based

upon her research, Miramontes believed that one of these "Melissa Estes" was the Judgment Debtor.

As a result of this information, LBN filed a Continuing Post-Judgment Earnings Garnishment Summons and Affidavit to Edmond Public Schools. Edmond Public Schools filed its Garnishee's Answer, stating that Melissa Estes was not employed by the Edmond Public Schools. Within the week, LBN issued two garnishments to Best Buy in each of the collection actions, directing Best Buy to withhold wages of Melissa Estes XXXXX8735.[1,2] The Judgment Debtor was not and has never been employed by Best Buy. Instead, Melissa A. Estes ("Estes"), a similarly-named individual with a different Social Security number, was employed by Best Buy. As with all garnishments served on Best Buy, the Garnishment Summonses and Affidavits served by LBN were forwarded to ADP for processing.

ADP prepared Best Buy's Garnishee Answer in the collections actions with employee data supplied by Best Buy's database. ADP filed Best Buy's Garnishee Answer in the 2008 case on behalf of Best Buy as follows: (1) on January 6, 2014 – Not Employed/Unable to Locate, and (2) on January 10, 2014 – Not Employed. ADP filed Best Buy's Garnishee Answer in the 2011 case

---

[1] The Garnishment Affidavit and Continuing Post-Judgment Earnings Garnishment Summons sent to Best Buy for the 2011 case contained the Judgment Debtor's name as it appeared in the lawsuit (Melissa D. Estes) and the Judgment Debtor's home address, and an insert for the employer's use only contained the full Social Security number for the Judgment Debtor. The Garnishment Affidavit and Continuing Post-Judgment Earnings Garnishment Summons sent to Best Buy for the 2008 case contained the Judgment Debtor's name as it appeared in the lawsuit (Melissa Estes) and the Judgment Debtor's home address, and an insert for the employer's use only contained the full Social Security number for the Judgment Debtor.
[2] Only two pages of the multi-document garnishment packet defendants received from LBN included any reference to the Judgment Debtor's Social Security number. The multiple documents within the garnishment packet received by defendants were separate, were not in page number order, and included duplicate pages. As a result, one or more of the garnishments were processed by ADP without the benefit of the Judgment Debtor's Social Security number.

on behalf of Best Buy as follows: (1) on December 23, 2013 – Unable to Locate; (2) on January 6, 2014 – Active, and (3) on January 30, 2014 – Active.

After receiving notice of the Garnishment Summons, on January 3, 2014, Estes called LBN and informed Miramontes that she was not the Judgment Debtor. Miramontes advised Estes that Best Buy had informed LBN that Estes was not the Judgment Debtor and that the matter had been cleared up by her employer. On January 9, 2014, Estes against called LBN and informed another representative, Melissa Longpine ("Longpine"), that her wages were being garnished for somebody else. Longpine stated that Best Buy had responded that the Judgment Debtor was not employed by Best Buy and that she did not know why her wages were being garnished. Longpine contacted ADP on January 9, 2014, and advised ADP that it was garnishing the wrong person and confirmed that the Judgment Debtor information on the Garnishment Summons was correct.

Best Buy withheld approximately $500 from Estes' paycheck on January 10, 2014, even though she was not the Judgment Debtor identified in the garnishment documents. On January 12, 2014, Estes contacted Best Buy HR Support to inquire about her wages being garnished. Also on January 13, 2014, Estes contacted Miramontes and explained that her wages had been garnished. Miramontes then contacted ADP and asked ADP to correct the withholding of Estes' wages. Miramontes then contacted Estes and informed her that ADP had promised to investigate and, if appropriate, to issue a refund. On January 13, 2014, ADP reversed funds to Best Buy so that Best Buy could issue a refund to Estes of the wages incorrectly withheld. On the afternoon of January 13, 2014, Best Buy HR Support sent Estes an email informing her that they had processed a refund and that the funds would be in her bank account on January 15, 2014.

On February 13, 2014, Estes filed a lawsuit against LBN, asserting a claim for violations of the Fair Debt Collections Practices Act and a claim for malicious use of civil process against

3

LBN in relation to the garnishment summons issued to Best Buy. LBN denied Estes' allegations. Shortly after LBN's motion for summary judgment was denied, Estes and LBN settled the lawsuit.

On January 16, 2016, LBN commenced the instant action asserting a negligence claim against both defendants. LBN and defendants have now moved for summary judgment.

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

## III. Discussion

> The three elements essential to a prima facie case of negligence are: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care.

4

*McKellips v. Saint Francis Hosp., Inc.*, 741 P.2d 467, 470 (Okla. 1987). "The threshold question in any suit based on negligence is whether defendant had a duty to the particular plaintiff alleged to have been harmed." *Wofford v. E. State Hosp.*, 795 P.2d 516, 518 (Okla. 1990) (internal quotations and citation omitted).

> It is an established rule of law that there can be no actionable negligence where the defendant has breached no duty owed to the plaintiff. Just because the defendant has created a risk which harmed the plaintiff that does not mean that, in the absence of some duty to the plaintiff, the defendant will be held liable.

*Nicholson v. Tacker*, 512 P.2d 156, 158 (Okla. 1973). "Whether a duty exists is a legal question to be determined by the court." *Henry v. Merck and Co., Inc.*, 877 F.2d 1489, 1492 (10th Cir. 1989) (internal citation omitted).

LBN contends that defendants, as garnishee, owed a duty to it to submit a truthful garnishment affidavit. Specifically, LBN contends that because the garnishment statute specifically states that the answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, a judgment creditor may bring an action against the garnishee if the garnishee's answer is incorrect. Defendants, however, assert that they did not owe LBN any duty. Defendants further assert that Oklahoma's garnishment statutes do not impose any liability on defendants under the facts of this case. Finally, defendants state that they are aware of no authority, in Oklahoma or elsewhere, that a garnishee owes a duty to a judgment creditor to answer the garnishment truthfully and to garnish only the wages of the judgment debtor.

Having carefully reviewed the parties' submissions, and having carefully reviewed the Oklahoma garnishment statutes, the Court finds that under the facts of this case, defendants did not owe LBN any duty. Specifically, the Court finds that under the garnishment statutes, defendants, as garnishees, did not owe a duty to LBN to submit a truthful garnishment affidavit.

5

Under Oklahoma's garnishment statutes, a garnishee is required to file an answer, provide notice of the garnishment and exemptions to the judgment debtor, and to pay any amount to be withheld to the judgment creditor or the judgment creditor's attorney. *See* Okla. Stat. tit. 12, § 1172.2; Okla. Stat. tit. 12, § 1173.4.[3] In the case at bar, LBN does not allege that defendants failed to perform any of these acts. Additionally, while the "answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated", the judgment creditor may elect to take issue with the garnishee's answer and proceed by using the process set forth in the garnishment statute to challenge the answer. *See* Okla. Stat. tit. 12, § 1177. Thus, if a judgment creditor believes the garnishee's answer is incorrect, the garnishment statutes provide a remedy for the judgment creditor and do not give rise to a duty on the part of the garnishee to the judgment creditor. Finally, the Court has found, and LBN has cited to, no case law which would support a finding that the defendants owe a duty to protect LBN from injury under the facts of this case.

The Court, therefore, finds that defendants are entitled to summary judgment.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES LBN's Motion for Summary Judgment [docket no. 46] and GRANTS defendants' Motion for Summary Judgment [docket no. 43].

**IT IS SO ORDERED this 11th day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3] The Court would note that the garnishee's answer is not subject to the "verily believe" standard to which the garnishor is subject under the statutes.